[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT
The present action was instituted to recover damages for personal injuries sustained by the two minor children, currently ages 10 and 4 respectively, of the named plaintiff as a result of exposure to lead based paint on property rented by the plaintiff. The plaintiff instituted suit against the defendant August Lenhart ("defendant") and others asserting that the defendant owned the property in question from 1978 until April of 1982. The defendant has moved for a summary judgement claiming that the cause of action asserted by the plaintiff is barred by the provisions of General Statutes 52-577 which requires that an action upon a tort be brought "within 3 years from the date of the act or a mission complained of" and by the provisions of General Statutes 42-110g
(f) which requires that an action for an unfair trade practice may not be brought "more than three years after the occurrence of a violation of this chapter."
Our Supreme Court has stated that they are unable to perceive any significant distinction between the "act or omission" language CT Page 7994 in one statute and the "occurrence of a violation" phrase in the other statute. Fichera vs. Mine Hill Corporation, 207 Conn. 204,213 (1988). Under either statute, a suit brought in 1992 as a result for actions which took place in April of 1982 would be barred. Pino vs. Thibodeau, 9 Conn. Law Rptr. No. 2, 61 (May 31, 1993) (Pellegrino, J.).
The plaintiff does not contest the dates involved nor the application of the statutes, but rather, asserts that the complaint alleges a failure to warn of dangerous conditions. Accordingly, the plaintiff asserts that there is a claim made for a breach of a continuing duty to warn of the dangerous condition. "To support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after the commission of the original wrong related thereto. That duty must not have terminated prior to the commencement of the period allowed for bringing an action for such a wrong. . . . In such situations, however, the continuing course of conduct is not the failure of the alleged tortfeasor to notify the plaintiff of his wrongdoing. . . , (but) consists rather, of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of the defendant related to the prior act." Connell vs Cowell 214 Conn. 242, 255 (1990) (internal quotations and citations deleted); Fichera vs. Mine Hill Corporation,207 Conn. 204, 209-210 (1988).
In the present case, the record before the court is devoid of any factual basis for the existence of any special relationship between the parties after April of 1982 nor is there any indication any conduct of the defendant after April of 1982 which was in any way related to the claims asserted in the complaint. Accordingly, the plaintiff may not rely upon a claim of a continuing course of conduct, or a continuing duty to warn, and the motion for summary judgement is therefore granted.